U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 20 2008

CHRIS R. JOHNSON, CLERK
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | CRIMINAL NO.5:08CR50050-001 |
| ) | |
| MARLON EWING                              ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(2) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNT OF CONVICTION AND DISMISSAL

1.  The Defendant, **MARLON EWING**, hereby agrees to plead guilty to Count 2 of the Indictment. If the Court accepts this plea agreement, once the Court has pronounced sentence, the government will move to dismiss Counts 1, 3, and 4 of the Indictment.

### STIPULATION OF FACTS IN SUPPORT OF GUILTY PLEA

2.  The parties agree and stipulate that, if this matter went to trial, the government could prove the following facts beyond a reasonable doubt:

   a. In February 2008, a confidential informant advised law enforcement that Marlon Ewing was distributing cocaine in the Fayetteville, Arkansas area and made a controlled buy of cocaine from Ewing at the direction and under the supervision of law enforcement. On March 28, 2008 law enforcement officers executed a search warrant on the residence of Marlon Ewing and Shelia Raymond located in Fayetteville, Arkansas. Prior to the execution of the warrant officers observed Ewing leaving the residence and placed him under arrest for the previous controlled delivery of cocaine. Upon executing the search warrant, officers found Shelia

Raymond inside the residence. Inside the residence officers located 6 baggies containing suspected cocaine and 1 baggie containing suspected crack cocaine along with digital scales and a large amount of currency. The suspected cocaine and crack cocaine was subsequently submitted to the Arkansas Crime Lab which determined that there was 702.6 grams of cocaine and 38.7 grams of cocaine base.

  b. Marlon Ewing was interviewed after having been advised of his Miranda rights. He admitted that he obtained cocaine from a Mexican male in Dallas, Texas. Records were obtained which showed that Shelia Raymond and Marlon Ewing had both rented the residence where the drugs were found.

## ADVICE OF RIGHTS

3. The defendant hereby acknowledges that he has been advised of his constitutional and statutory rights. Further, the defendant agrees that he fully understands his right:

  a. To have an attorney and if he cannot afford an attorney, to have one provided to him and paid for at government expense;

  b. To persist in his plea of not guilty;

  c. To have a speedy and public trial by jury;

  d. To be presumed innocent until proven guilty beyond a reasonable doubt;

  e. To confront and examine witnesses who testify against him;

  f. To call witnesses on his behalf;

  g. To choose to testify or not testify and that no one could force him to testify;

  h. To have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

4.    The defendant hereby acknowledges that he understands with respect to each count to which he pleads guilty, he thereby WAIVES all of the rights listed in (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

5.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

6.    The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

7.    By signing this agreement, the defendant acknowledges that he has been advised of his rights under Rule 11 (f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If the defendant should breach any provision of this plea agreement, then he hereby agrees that said breach operates as a WAIVER of his rights under Rule 11 (f) and Rule 410. Upon defendant's breach of any provision of this agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

      a.   admissions against interest, both oral and written, made by defendant to any person;

    b. statements made by the defendant during his change of plea hearing;

    c. the factual basis used at the change of plea hearing;

    d. any testimony given under oath to a grand jury or petit jury;

    e. any and all physical evidence of any kind which the defendant has provided to the government; and

    f. any and all information provided by the defendant to the government's attorney's, or to federal, state, county, and/or local law enforcement officers.

If the defendant is found to be in breach of this plea agreement, it is further agreed that the government may move to reinstate dismissed charges, the government may pursue additional charges, and the government shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## MAXIMUM PENALTIES

8. The defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to count 2 of the Indictment the defendant agrees that he faces:

    a. a maximum term of imprisonment for 40 years;

    b. a mandatory minimum term of imprisonment for 5 years;

    c. a maximum fine of $2,000,000;

    d. both imprisonment and a fine;

    e. a term of supervised release for not more than five (5) years which begins after release from prison;

    f. a possibility of going back to prison if the defendant violates the conditions of supervised release; and

    g. a special assessment of $100.00

## NO OTHER CHARGES

9. The government agrees that no other federal charges, which stem from activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

10. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

11. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater that the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

12. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of the Agreement,

and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

13. In the event that it is determined that the defendant has not been truthful with the Court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

14. The government agrees to recommend that the defendant be sentenced within the applicable guideline range as determined by the court.

15. The government agrees not to object to a finding by the probation office or a ruling of the Court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.

## GOVERNMENT'S RESERVATION OF RIGHTS

16. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

    a. make all facts known to the probation office and to the court;

    b. call witnesses and introduce evidence in support of the Presentence Report;

    c. contest and appeal any finding of fact or application of the Sentencing Guidelines;

    d. contest and appeal any departure from the appropriate Guideline range;

    e. defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

17. The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

18. The government's agreement to dismiss certain counts of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the government's motion to dismiss the agreed counts of the Indictment, the defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

19. The parties agree that nothing in this agreement binds the District Court to:

    a. make any specific finding of fact;

    b. make any particular application of the Sentencing Guidelines;

    c. hand down any specific sentence;

    d. accept this plea agreement.

20. The government and the defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

21. The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESMENT

22. The defendant agrees that he will pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT AND DEFENSE COUNSEL

23. The defendant and his attorney state hereby that neither one of them has been subjected to any threats or coercion which have induced the defendant to change his plea to guilty. Further, the defendant and his attorney acknowledge that the defendant's desire to change his plea to guilty is not the result of threats or coercion directed at anyone connected with them.

24. By signing this plea agreement, counsel for the defendant acknowledges that:

   a. he has read this plea agreement;

   b. he has given a copy of it to the defendant;

   c. he has explained the ramifications of the plea agreement to the defendant;

   d. he believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

25. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this ___8___ day of ___August___, 2008.


_____
MARLON EWING
Defendant

_____
JAMES PIERCE
Attorney for Defendant

ROBERT C. BALFE
UNITED STATES ATTORNEY

By: _____
KENNETH P. ELSER
Assistant U.S. Attorney