IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

V.     CASE NO. 5:08-CR-50050-001

MARLON D. EWING     DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Marlon D. Ewing's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("USSG") Amendments 782 and 788 (Doc. 54), an addendum to Mr. Ewing's Presentence Investigation Report ("PSR") prepared by the probation office (Doc. 55), and the Government's Response in Opposition to Mr. Ewing's Motion (Doc. 56). For the reasons set forth below, the Court finds that Mr. Ewing's Motion should be **DENIED**.

On June 25, 2008, Mr. Ewing was charged in a four-count indictment with one count of conspiracy to distribute cocaine, one count of aiding and abetting in distributing more than 500 grams of cocaine, one count of aiding and abetting in distributing more than 5 grams of cocaine, and one count of aiding and abetting in maintaining a residence for the purpose of distributing and using a controlled substance. On August 20, 2008, Mr. Ewing entered a guilty plea to count two, aiding and abetting in distributing more than 500 grams of cocaine, pursuant to his Plea Agreement with the Government. In the Plea Agreement, Mr. Ewing agreed that he distributed 702.6 grams of cocaine and 38.7 grams of cocaine base, and he acknowledged that a 5-year statutory mandatory minimum term of imprisonment applied to this count. The other

1

counts against Mr. Ewing would be dismissed on the Government's motion at sentencing.

When the PSR was issued prior to sentencing, it appears the probation officer considered Mr. Ewing's relevant conduct, which was not set forth in the Plea Agreement, and revisited the Plea Agreement's mandatory minimum sentencing range with respect to the sole count of conviction. The probation officer determined that, due to additional drug quantities attributable to Mr. Ewing as relevant conduct, he should be subject to a 10-year statutory mandatory minimum, rather than the 5-year mandatory minimum that (1) was agreed to by the parties in the Plea Agreement and (2) otherwise applied to the crime of aiding and abetting in distributing more than 500 grams of cocaine. Specifically, paragraph 50 of the PSR stated:

> The plea agreement in this case sets forth a mandatory minimum term of imprisonment of 5 years; however, after relevant conduct was taken into account, it was determined that the mandatory minimum term of imprisonment would be 10 years. The mandatory minimum set forth in the plea agreement is lower than the mandatory minimum set by statute; however, the defendant's maximum term of imprisonment would not be affected by relevant conduct. Therefore, the plea agreement does not appear to undermine the statutory purposes of sentencing in this matter.

(Doc. 57, p. 10).

During sentencing on January 8, 2009, the Court[1] applied the 10-year mandatory minimum when calculating Mr. Ewing's sentencing range, rather than the 5-year minimum set forth in the Plea Agreement, due to Mr. Ewing's relevant conduct. Under § 2D1.1 of the 2008 USSG manual, Mr. Ewing's base offense level was 32. He received a 2-level increase for possessing a dangerous weapon and a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 31. Mr. Ewing's criminal

---

[1] The Honorable Jimm Larry Hendren presiding.

2

history category was determined to be I, which ordinarily would have resulted in a guideline sentencing range of 108 to 135 months. However, after adjusting for the 10-year mandatory minimum, Mr. Ewing's guideline sentencing range was 120 to 135 months. As Mr. Ewing's attorney never filed objections to the PSR, the Court adopted the PSR without change and sentenced Mr. Ewing to the mandatory minimum of 120 months—as per the PSR's calculations for relevant conduct—as well as 5 years of supervised release, a $15,000.00 fine, and a $100.00 special assessment. The Statement of Reasons (Doc. 58) filed along with the Judgment (Doc. 50) on January 9, 2009, confirms the Court's recitation of the above facts. The record further reveals that Mr. Ewing never appealed his sentence, nor did he file a habeas petition seeking to vacate his sentence.

In considering the Motion to Reduce now pending before this Court, both Mr. Ewing and the Government agree that the nature of his conviction would make him eligible for a reduction in his guideline range due to the retroactive application of Amendment 782. Applying the reduction, Mr. Ewing's total offense level would drop from a level 31 to a level 29. Considering that Mr. Ewing has a criminal history category of I, a total offense level of 29 would then result in a new guideline sentencing range of 87-108 months. However, because Mr. Ewing is still subject to the 120-month mandatory minimum sentence imposed by the sentencing court, his new sentence cannot fall below the mandatory minimum and must remain at 120 months.

When a retroactive amendment to the sentencing guidelines is at issue, the Court may not revisit any guideline application decisions from the original sentencing—including the imposition of a statutory maximum or minimum—and may

only examine those decisions that are impacted by the new guideline amendment. *See United States v. Harris*, 574 F.3d 971, 972-73 (8th Cir. 2009) ("We have previously explained that proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant and are not a do-over of an original sentencing proceeding." (internal quotation and citation omitted)); USSG § 1B1.10(d) & cmt. n.2.

In Mr. Ewing's case, the sentencing court's imposition of a mandatory minimum term of imprisonment of 120 months, due to judicial fact-finding concerning relevant conduct, resulted in the court's calculation of a guideline sentencing range of 120-135 months, as per Section 5G1.1(c) of the sentencing guidelines. The Guideline Amendments presently at issue can not be used as a conduit to revisit the sentencing court's decision as to the applicable mandatory minimum sentence. Therefore, the Court finds that Ewing is not entitled to a sentence reduction because he was previously sentenced to the mandatory minimum of 120 months. *See United States v. Golden*, 709 F.3d 1229, 1233 (8th Cir. 2013) ("When determining the new guideline range after a retroactive amendment, a district court is forbidden to reconsider previous factual determinations, but the existence of a statutory minimum always imposes a boundary on the bottom of an offender's guideline range." (internal citation omitted)).

Mr. Ewing argues that the sentencing court erred in "creat[ing] a statutory sentencing range, 10-40 years, that is not prescribed by Congress nor charged by the Grand Jury and not even admitted via a guilty plea by Mr. Ewing." (Doc. 54, p. 8). However, at the time Mr. Ewing was sentenced, the law in the Eight Circuit was that a defendant's statutory minimum sentence could be established based on the district court's findings as to drug quantities, including those quantities determined by relevant

4

conduct. *See United States v. Jenkins*, 537 F.3d 894, 896-97 (8th Cir. 2008). The Supreme Court later held that calculating the mandatory minimum in this fashion was unconstitutional, *see Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013), but did not make its decision retroactive to past judgments. It follows, therefore, that this Court lacks the authority to conduct a resentencing of Mr. Ewing by revisiting the guideline sentencing range imposed upon him by the sentencing court, including revisiting the mandatory minimum.

Accordingly, **IT IS ORDERED** that Defendant Marlon D. Ewing's Motion to Reduce Sentence (Doc. 54) is **DENIED**. Applying the reduction in sentence pursuant to Amendment 782 would fix his new guideline sentencing "range" at exactly 120 months, which is the very sentence that has already been imposed.

**IT IS SO ORDERED** on this 10th day of November, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE